IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


ANITA AMBLER,

          Petitioner,

v.                                    Civil Action No. 5:14CV98
                                      (Criminal Action No. 5:11CR54)
UNITED STATES OF AMERICA,                             (STAMP)

          Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
DENYING PETITIONER'S MOTION,
OVERRULING PETITIONER'S OBJECTIONS
AND DISMISSING CIVIL ACTION**

The petitioner, Anita Ambler ("Ambler"), filed this pro se[1]
motion under 28 U.S.C. § 2255 challenging the validity of her
conviction and sentence. This matter was referred to United States
Magistrate Judge James E. Seibert under Local Rule of Civil
Procedure 72.01. The magistrate judge issued a report and
recommendation denying the motion. Ambler timely filed objections
to the report and recommendation. For the following reasons, this
Court adopts and affirms the report and recommendation, denies the
petition, overrules Ambler's objections, and dismisses this civil
action.

---

[1] "Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer. Black's Law
Dictionary 1416 (10th ed. 2014).

## I. Background

Ambler was a bookkeeper at Mountaineer Race Track and Gaming Resort ("Mountaineer"). Ambler embezzled from Mountaineer and was subsequently convicted of 25 fraud-related counts including mail fraud, wire fraud, and transacting in criminal proceeds. Ambler was sentenced to 87 months imprisonment, three years of supervised release, a $2,500.00 special assessment, and was ordered to make restitution in the amount of $1,305,090.15 to Mountaineer. In establishing the amount of money Ambler embezzled, the government relied on an audit conducted by Marsh Risk Consulting Forensic Accounting and Claims Services Group ("the Marsh audit"). Ambler appealed her conviction to the United States Court of Appeals for the Fourth Circuit arguing that the she was denied her Sixth Amendment right to counsel because this Court denied her pretrial motion to substitute counsel. The Fourth Circuit affirmed her conviction.

Ambler filed this motion to vacate her sentence under 28 U.S.C. § 2255, claiming prosecutorial misconduct and various instances of ineffective assistance of counsel. First, she argues that the Assistant United States Attorney ("AUSA") violated her rights under Brady v. Maryland, 373 U.S. 83 (1963), by failing to produce documents after the AUSA and defense counsel agreed that there was a misunderstanding as to what documents defense counsel requested. Second, she argues that defense counsel was ineffective

for the following reasons: (a) because he failed to follow through on those document requests, which would have shown inaccuracies in the Marsh audit; (b) because he failed to call any defense witnesses or an expert witness; (c) because his opening statement admitted Ambler's guilt, prejudicing her; (d) because he failed to recuse himself when Ambler requested that he do so; and (e) because he failed to request at sentencing a variance under U.S.S.G. § 5H1.3 based on Ambler's post-traumatic stress disorder ("PTSD"). Magistrate Judge Seibert recommended denying Ambler's motion, and Ambler filed objections. She does not object to Magistrate Judge Seibert's conclusions that defense counsel was not ineffective because of his failure to call defense witnesses, that his opening statement was not prejudicial, or that he did request a sentencing variance based on Ambler's PTSD.

## II.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III.  <u>Discussion</u>

A.  <u>Procedurally Barred Claims</u>

Magistrate Judge Seibert concluded that Ambler's claims of prosecutorial misconduct and ineffective assistance of counsel, based on defense counsel's failure to follow through on document requests and failure to recuse himself, were procedurally barred. Further, the magistrate judge concluded that Ambler procedurally defaulted on her claim that the prosecution violated her due process rights under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). In her objections, Ambler states that she did not argue ineffective assistance of counsel on direct appeal, and that the prosecution clearly committed a <u>Brady</u> violation.

First, a defendant "may not circumvent a proper ruling on [direct appeal] by re-raising the same challenge in a § 2255 motion." <u>United States v. Linder</u>, 552 F.3d 391, 396 (4th Cir. 2009). "[T]he mandate of a higher court is controlling . . . and forecloses relitigation of issues expressly or impliedly decided by the appellate court." <u>United States v. Bell</u>, 5 F.3d 64, 66 (4th Cir. 1993).

Ambler argued on direct appeal that this Court erred in denying her motion to substitute counsel for ineffective assistance. She argued that her counsel failed to secure requested documents and failed to provide an effective defense. The United States Court of Appeals for the Fourth Circuit rejected these

arguments and affirmed Ambler's conviction. This Court cannot reconsider those arguments on collateral review, and those arguments are procedurally barred.

Second, a defendant cannot raise "in a § 2255 collateral proceeding, errors . . . not raised on direct appeal which the . . . court had not had an opportunity to correct." United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). "[T]o proceed on a § 2255 motion based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing h[er] procedural default, and (2) 'actual prejudice' resulting from the errors of which [s]he complains." Id. (internal quotation marks omitted).

Ambler failed to bring her Brady claim during trial or on direct appeal. Her petition fails to demonstrate cause for excusing her procedural default, and conclusory allegation that the nondisclosure "impeded in the presentation of errors to the . . . [a]udit and directly affected [her] outcome at [t]rial," (ECF No. 130 at 5), fail to demonstrate actual prejudice resulting from the nondisclosure.

Even if Ambler did not procedurally default on her Brady claim, the claim fails. To establish a Brady violation, a defendant must show: "(1) that the undisclosed information was favorable, either because it was exculpatory or because it was impeaching; (2) that the information was material; and (3) that the

prosecution knew about the evidence and failed to disclose it."
United States v. Parker, 790 F.3d 550, 558 (4th Cir. 2015).

Nothing in Ambler's petition indicates that the documents the prosecution allegedly withheld constituted exculpatory or impeaching evidence. Ambler alleges that the government failed to turn over Mountaineer's bank records from 2007 through 2010 and that this "impeded in the presentation of errors to the Marsh [a]udit," indicating her belief that the undisclosed evidence tended to impeach the Marsh audit. ECF No. 130 at 5. But the petition provides no detail about the content of these records that would allow this Court to determine whether they were material. Moreover, assuming that the prosecution did fail to disclose those records, the prosecution represented that it disclosed to defense counsel all documentation Mountaineer turned over to it, indicating that the prosecution did not know about the evidence. Therefore, Ambler's petition does not establish a Brady violation.

B.    Ineffective Assistance of Counsel

Assuming that Ambler's ineffective assistance of counsel claims are not procedurally barred, her petition fails to demonstrate that defense counsel did not adequately represent her. "[A] movant seeing collateral relief from h[er] conviction or sentence through an ineffective assistance claim must show (1) that h[er] counsel's performance was deficient[,] and (2) that the deficiency prejudiced h[er] defense." United States v. Basham, 789

F.3d 358, 371 (4th Cir. 2015) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  Counsel's performance was deficient if "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 688.  There is a "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (internal quotation marks omitted).  "The Strickland standard is difficult to satisfy, in that the 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.'"  Basham, 789 F.3d at 371 (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)).  To show prejudice, "[t]he movant must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694).

First, Magistrate Judge Seibert concluded that defense counsel was not ineffective for failing to call defense witnesses or an expert auditor at trial.  In her objections, Ambler argues that although defense counsel consulted with an independent auditor, he did not give the auditor any documents to review because he thought he would be able to negotiate a plea deal.  She alleges that the expert's audit would have resulted in a lesser sentence because it

7

would have shown that the Marsh audit had errors in excess of $500,000.00.

Ambler's petition does not allege that defense counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. At the recusal hearing, defense counsel said that he interviewed 13 witnesses, that two witnesses declined to be interviewed, that he attempted to contact 13 additional witnesses, and that he hired an expert witness and consulted with another expert. He decided not to call as a witness Ambler's assistant bookkeeper because the witness refused to meet with him, he was unable to compel a deposition, and he did not know what her testimony would be. Moreover, at trial defense counsel attacked the credibility of the Marsh audit and cross-examined the government's expert witness. Defense counsel's actions provided at least "reasonable competence" and did not violate any professional norms.

Further, Ambler failed to demonstrate that defense counsel's actions prejudiced her. She offers conclusory allegations that defense counsel's actions greatly affected the trial outcome and sentencing, but does not demonstrate that the outcome probably would have been different but for those actions. She suggests that an expert auditor would have found errors in excess of $500,000.00 in the Marsh audit. But presentation of this competing audit does not create a reasonable probability that the result of her trial or

sentencing would be different because a reasonable fact-finder could have found the Marsh audit to be more accurate or credible than Ambler's expert audit would have been.

Second, in her objections, Ambler specifically argues that defense counsel was ineffective because he did not provide documents to the expert auditors. She alleges that he did not provide the documents because he thought he would be able to negotiate a plea deal, but never gave the documents to the expert after negotiations fell through. She further alleges that the expert's audit would have shown that the Marsh audit was inaccurate. However, as discussed above, defense counsel attacked the credibility of the Marsh audit at trial and there is no indication that the expert's audit would have affected the result of Ambler's trial or sentencing.

Third, Magistrate Judge Seibert concluded that Ambler's claim of ineffective assistance of counsel based on defense counsel's failure to request a downward departure during sentencing to be without merit because defense counsel did request a downward variance based on Ambler's PTSD, and presented evidence of Ambler's PTSD at trial. Ambler does not object to these conclusions, and this Court reviews them for clear error.

At trial, defense counsel questioned Ambler about her PTSD. Defense counsel also filed a sentencing memorandum that included a motion for a sentencing variance based on Ambler's PTSD. ECF No.

87 at 2-4.  This Court denied Ambler's motion for a variance and sentenced her within the applicable guideline range.  Thus, this Court finds no error in the magistrate judge's conclusions.

C.  <u>Prejudicial Remarks</u>

Magistrate Judge Seibert concluded that defense counsel did not make prejudicial remarks in his opening statement.  Ambler does not object to this conclusion, and this Court reviews this recommendation for clear error.

Ambler alleged that her defense counsel, Brendan S. Leary, made admissions of her guilt in his opening statement, prejudicing her case.  However, the magistrate judge correctly noted that Mr. Leary did not give the opening statement.  Moreover, his allegedly prejudicial remarks were made during a pretrial motions hearing and the sentencing hearing, and no jury was present during either hearing.  This Court finds no error in the magistrate judge's conclusion that defense counsel did not make prejudicial remarks in his opening statement.

D.  <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases.  This memorandum opinion and order is a final order adverse to the applicant in a case in which 28

U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability to take an appeal.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that Ambler has not made a "substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that Ambler has not made the requisite showing. Accordingly, Ambler is DENIED a certificate of appealability by this district court. Ambler may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate of appealability.

## IV. <u>Conclusion</u>

For the reasons set forth above, Ambler's motion must be denied. Therefore, the magistrate judge's report and recommendation (ECF Nos. 7/145) is AFFIRMED AND ADOPTED. Accordingly, Ambler's motion (ECF Nos. 1/130) is DENIED and her objections to the report and recommendation (ECF No. 149) are OVERRULED.

It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, she is ADVISED that she must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Under Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    October 19, 2015


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE